**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:25-CR-00002-MMD-CSD |
| ) | |
| vs. ) | **FINDINGS OF FACT,** |
| ) | **CONCLUSIONS OF LAW AND** |
| TYLER MICHAEL BAEHR, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**FINDINGS OF FACT**

Based on the pending stipulation of counsel, and good cause appearing, therefore, the Court finds that:

1. The continuance is necessary for the following reasons. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The client is out of custody and does not oppose the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolve through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

3

5.      The proposed date would allow counsel to represent his other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

6.      Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7.      Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

8.      This is the second stipulation to continue filed herein.

## CONCLUSIONS OF LAW

The ends of justice are served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the defendant sufficient time and opportunity within which to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

4

**ORDER**

**IT IS THEREFORE ORDERED** that the calendar call currently scheduled for May 11, 2026, be vacated and continued to November 9, 2026, at 9:00 a.m. and the trial scheduled for June 2, 2026, be vacated and continued to December 1, 2026 at 9:00 a.m.

The defendant shall have until November 2, 2026 to file motions; the government shall have until November 16, 2026 to file responses to defendant's motion; and the defendant shall have until November 23, 2026 to file replies to the government's responses.

**IT IS SO ORDERED** this 21st of April 2026.

_____

HONORABLE MIRANDA M. DU
United States District Court Judge

5